UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

CHRISTOPHER M. DAVIS,

    Plaintiff,

v.

SAN JOSE POLICE DEPARTMENT, et. al.,

    Defendants.

No. C 13-3524 NJV (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, who appears to be a pretrial detainee at Santa Clara County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff states that he was apprehended by two police officers on October 15, 2012, who used excessive force that caused a broken arm and they then falsified reports. Plaintiff identifies the police officers but provides no other information regarding the arrest or alleged excessive force. Plaintiff's bare allegations are insufficient to state a claim under *Iqbal*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S., at 678. The complaint will be dismissed with leave to amend for Plaintiff to provide more information regarding the circumstances of the arrest, the specific actions of the Defendants and the charges of the underlying arrest.

In drafting his amended complaint, Plaintiff should take note of the following legal standards. An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), overruled on other grounds by *Graham v. Connor*, 490 U.S. 386 (1989). Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989).

"To determine whether officers used excessive force during an arrest, courts balance 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010) (quoting *Graham*, 490 U.S. at 396). Relevant factors for consideration in this case-by-case inquiry include "'the severity of the of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id.* at 980 (quoting *Graham*, 490 U.S. at 396); *see, e.g.*, *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) (where evidence shows that plaintiff's crimes were relatively minor and non-violent, officers had no reason to suspect plaintiff or any of her known roommates would pose a threat to officer safety, and plaintiff did not resist arrest, a jury could find that force used was greater than was reasonable under the circumstances when six to ten deputies entered plaintiff's residence with guns drawn early in the morning, pointed weapons at her, grabbed her by the arms and shoulders, pushed her in the back down a hallway, and then tightly handcuffed her); *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007) (police officers used excessive force when they punched plaintiff and used a gang tackle and hobble restraints to take him into custody); *Miller v. Clark County*, 340 F.3d 959, 963-68 (9th Cir. 2003) (use of trained police dog to "bite and hold" suspect until officers arrived on the scene less than a minute later does not constitute unreasonable excessive force under 4th Amendment when suspect poses immediate threat

to officers' safety, several attempts to arrest suspect with less forceful means are unsuccessful as a result of suspect's defiance, and use of police dog is well-suited to task of safely arresting suspect). These factors are not exclusive. *Glenn v. Washington County*, 673 F.3d 864, 872 (9th Cir. 2011). The "most important" factor is whether the individual posed an immediate threat to the safety of officers or others. *Id.*

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September  5 , 2013.

NANDOR J. VADAS
United States Magistrate Judge

G:\PRO-SE\NJV\CR.13\Davis3524.dwlta.wpd

4

1 UNITED STATES DISTRICT COURT
2 NORTHERN DISTRICT OF CALIFORNIA
3 EUREKA DIVISION

| | |
|---|---|
| CHRISTOPHER M. DAVIS, | No. 1:13-CV-3524 NJV (pr) |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| SAN JOSE POLICE DEPARTMENT, et al., | |
| Defendants. | |

I, the undersigned, hereby certify that on September 5, 2013, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Christopher M Davis
DTD 940
150 W Hedding Street
San Jose, CA 95110

/s/ Linn Van Meter
_____
Linn Van Meter
Administrative Law Clerk to
the Honorable Nandor J. Vadas

5